|  |  |
|---|---|
| EMPLOYEE PAINTERS' TRUST HEALTH & WELFARE FUND, WELFARE, WESTERN WASHINGTON PAINTERS DEFINED CONTRIBUTION PENSION TRUST, WESTERN WASHINGTON APPRENTICESHIP AND TRAINING TRUST, WESTERN WASHINGTON PAINTERS LABOR MANAGEMENT COOPERATION TRUST FUND, INTERNATIONAL UNION OF PAINTERS & ALLIED TRADES DISTRICT COUNCIL NO. 5, <br><br>Plaintiffs, <br><br>Vs. <br><br>BRIAN BESSEY, JR. and ROBIN BESSEY, husband and wife and the marital community comprised thereof, <br><br>Defendants. | CASE NO: C08-5205 FDB <br><br>ORDER DENYING MOTION FOR DEFAULT |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON, AT TACOMA

This matter comes before the Court on Plaintiffs' Motion for Order of Default. After reviewing all materials submitted by the parties and relied upon for authority, the Court is fully informed and for the reasons stated below, hereby denies the motion for default.

**Introduction and Background**

The Complaint in this matter was filed on April 4, 2008. On May 9, 2008 counsel made an appearance on behalf of Defendants. Plaintiff failed to comply with this Court's Minute Order setting August 4, 2008, as the date for filing of a combined joint status report. On September 22, 2008, an order to show cause was filed giving Plaintiff notice of intent to dismiss the case on October 7, 2008, for failure to prosecute. Rather than show cause, Plaintiff filed this motion for order of default, stating that Defendants have failed to appear, answer or defend this action. In response, Defendants filed an Objection to Motion for Default and an Answer to the Complaint.

**Discussion**

Generally, a defendant must serve an answer "within 20 days after being served with the summons and complaint." Fed.R.Civ.P. 12(a)(1). Federal Rule of Civil Procedure 55(a) permits the entry of default in the event "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." A party may seek a judgment by default from the court, but if the party "against whom judgment is by default is sought has appeared in the action, the party ... shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application." Fed.R.Civ.P. 55(b). A default judgment is a final judgment that terminates the litigation and decides the dispute. Fed.R.Civ.P. 55(b); Ackra Direct Marketing Corp. v. Fingerhut Corp., 86 F.3d 852 (8th Cir. 1996).

After entry of a default, a court may grant a default judgment on the merits of the case. Fed.R.Civ.P. 55. A court has the discretion to enter a default judgment against one who is not an infant, incompetent, or member of the armed services, and where (1) the defendant has been served with the claim; (2) the defendant's default has been entered for failure to appear; (3) if

1  the defendant has appeared in the action, the defendant has been served with written notice of
2  the application for judgment at least three days before the hearing on the application; and, (4)
3  the court has undertaken any necessary and proper investigation or hearing in order to enter
4  judgment or carry it into effect. Fed.R.Civ.P. 55(b); Alan Neuman Productions, Inc. Abright,
5  862 F.2d 1388, 1392 (9th Cir. 1988). Factors that may be considered by courts in exercising
6  discretion as to the entry of a default judgment and as to setting aside a default include the
7  nature and extent of the delay, Draper v. Coombs, 792 F.2d 915, 924-25 (9th Cir. 1986); the
8  possibility of prejudice to the plaintiff, Eitel v.McCool, 782 F.2d 1470, 1471-72 the merits of
9  plaintiff's substantive claim, *id.;* the sufficiency of the allegations in the complaint to support
10 judgment, Alan Neuman Productions, Inc; at 1392; the amount in controversy, Eitel at. 1471-
11 72; the possibility of a dispute concerning material facts, Id.*;* whether the default was due to
12 excusable neglect, Id.*;* and, the strong policy underlying the Federal Rules of Civil Procedure
13 that favors decisions on the merits, Id..

While, under the Federal Rules of Civil Procedure, Brian and Robin Bessey were late in filing an answer, Defendants have now rectified the situation. While the Court does not condone purposeful or intentional delays in the proceedings, the Court, "recognizes that federal courts prefer to resolve disputes on the merits rather than by default. Because Defendants have answered, that is exactly what should happen in this case.

Addressing the issue of the Plaintiffs' failure to prosecute, the Court resets the deadline for filing of the combined Joint Status Report to November 1, 2008. In the event the parties fail to meet this deadline, the parties will be subject to the imposition of monetary sanctions and this case subject to dismissal without further notice.

ACCORDINGLY;

IT IS ORDERED:

Plaintiffs' Motion for Order of Default [Dkt. # 7] is **DENIED.**

The Joint Status Report is due no later than November 1, 2008.

DATED this 9th day of October, 2008

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE