1

2

3

4

5

6

7                              UNITED STATES DISTRICT COURT
                               WESTERN DISTRICT OF WASHINGTON
8                                        AT TACOMA

9     EMPLOYEE PAINTERS' TRUST HEALTH
      & WELFARE FUND, WELFARE,
10    WESTERN WASHINGTON PAINTERS
      DEFINED CONTRIBUTION PENSION                    Case No. C08-5205 FDB
11    TRUST, WESTERN WASHINGTON
      APPRENTICESHIP AND TRAINING                     ORDER GRANTING PLAINTIFFS'
12    TRUST, WESTERN WASHINGTON                       MOTION FOR SUMMARY
      PAINTERS LABOR MANAGEMENT                       JUDGMENT
13    COOPERATION TRUST FUND,
      INTERNATIONAL UNION OF PAINTERS
14    & ALLIED TRADES DISTRICT COUNCIL
      NO. 5,
15
                   Plaintiffs,
16
              v.
17
      BRIAN BESSEY, JR. And ROBIN BESSEY,
18    husband and wife and the marital community
      thereof,
19
                   Defendants.
20

21

22          This matter comes before the Court on the motion for summary judgment of Plaintiffs The

23    Employee Painters' Trust Health & Welfare Fund, Western Washington Painters Defined

24    Contribution Pension Trust, Western Washington Apprenticeship and Training Trust, Western

25    Washington Painters Labor Management Cooperation Trust Fund (the Trust Funds),

26    ORDER - 1

1  and the International Union of Painters & Allied Trades District Council No. 5.  Plaintiffs seek a

2  judgment against Defendants Brian Bessey, Jr. and Robin Bessey, and the marital community

3  comprised thereof, for unpaid employee benefit contributions.  The Court, having reviewed the

4  pleadings and the record herein, is fully informed, and finds the Plaintiffs are entitled to summary

5  judgment.

6  **Introduction and Background**

7  The Trust Funds are joint labor-management employee benefit Trust Funds created pursuant

8  to §302(c)(5) of the Labor-Management Relations Act 29 U.S.C. §186(c)(5), and are operated and

9  governed under the Employee Retirement Income Security Act of 1974 (ERISA) 29 U.S.C. § 1001

10  et al.

11  Defendant Robin Bessey, as President of Floor Tech Services, Inc. (the Employer) signed a

12  Collective Bargaining Agreement on May 1, 2002 with Carpet, Linoleum and Soft Tile Layers

13  Union Local #1238, which is a part of the International Union of Painter and Allied Trades District

14  Council #5.  By agreeing to the Collective Bargaining Agreement, the Employer was required to

15  remit as employee benefit contributions a set amount per hour on all hours of bargaining unit work

16  to the Trust Funds.  In addition, the Collective Bargaining Agreement requires that the Employer

17  agree to be bound by the Trust Funds' Trust Agreements.

18  The Trust Funds operate on a self-reporting system.  This means that the Employer is

19  required to submit a written report to the Trust Funds which details the total amount of hours

20  worked by each employee, and by multiplying the total number of hours by the agreed upon

21  rates, the total amount that due is determined and is to be remitted to the Trust Funds.

22  Here, The Employer Floor Tech Services, Inc. submitted all the required report forms, but

23  failed to remit the full payment outstanding.  The Trust Funds filed suit against Floor Tech to

24  compel payment and obtained a judgment against the Floor Tech on December 3, 2004.  *Employee*

25  *Painters Trust et al v. Floor Tech*, Cause No. C04-5567 FDB.

26  ORDER - 2

This order and judgment found against Defendant Floor Tech in the amount of $34,913.64. This amount represented $26,073.79 in unpaid contributions covering the period of July through September 2002 and March through April 2003, liquidated damages in the amount of $2,607.38, interest in the amount of $5,130.10, costs in the amount of $225.37, and attorney's fees in the amount of $877.00.

The Trust Funds filed suit against Robin Bessey and Brian Bessey on April 4, 2008, seeking to recover against them on the personal liability clause in the Trust Funds' Trust Agreement the amounts owed by Floor Tech. This clause provides:

> In recognition that individuals have responsibilities in a corporation which is a participating Employer in a Trust, and that contributions are for the welfare of, covered employees, the responsible individuals in a corporation which is a participating Employer shall be individually liable for payment of contributions and other charges owing under this Article VIII. Therefore, in the event any corporate participating Employer which is obligated to make contributions to the Trust fails to make such contributions, the President, the Treasurer, and any other corporate officer who is responsible for payment of contributions by the corporation to the Trust Fund shall be each individually liable for the payment of contributions and any other amount due under this Article VIII, and under applicable Federal law, 29 U.S.C. Section § 1132(g).

The Plaintiffs request judgment against Mr. and Ms. Bessey in the amount of $28,090.31 composed of employee benefit contributions in the amount of $20,118.69, liquidated damages in the amount of $2,607.38 interest in the amount of $5,130.10, and an award costs and attorney's fees.

The Defendants do not dispute the terms of the Trust Agreement. Defendants do not dispute that Floor Tech Services, Inc. submitted the employer contribution forms for the disputed periods and that the scheduled contributions were not paid. Defendants do not dispute that the under the terms of the Trust Agreement, the President of Floor Tech Services, Inc., Robin Bessey, has personal liability for all outstanding employee benefit contributions.

The Besseys assert there are factual issues concerning the amounts owed the Trust for the unpaid employee benefit contributions and as to who is responsible for payment of the unfunded contributions. The Defendants contend the amounts owing are in issue because an audit has not

ORDER - 3

been prepared by the Trust itemizing the unfunded contributions.  Regarding the issue of who is the responsible party, the Defendants assert that in April 2003, Floor Tech Services, Inc. was taken over by another flooring shop operated by Susan Bitner and this successor business assumed the obligation to pay the monies owed to the Trust.

**Standards for Summary Judgment**

A party is entitled to summary judgment if that party can demonstrate "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  A party is entitled to summary judgment where the documentary evidence produced by the parties permits only one conclusion.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251 (1986).

The party seeking summary judgment bears the initial burden of informing the Court of the basis of its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, that it believes demonstrate the absence of any genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)**.**

Where the moving party has met its initial burden with a properly supported motion, the party opposing the motion "may not rest upon the mere allegations or denials of his pleading, but ... must set forth specific facts showing that there is a genuine issue for trial."  Anderson, 477 U.S. at 248.  The non-moving party may do this by use of affidavits, depositions, answers to interrogatories, and admissions.  Id.  Only disputes over facts that might affect the outcome of the suit under the governing law are "material" and will properly preclude entry of summary judgment.  Anderson, 477 U.S. at 248.

At the summary judgment stage, the judge's function is not to weigh the evidence or determine the truth of the matter, but to determine whether there is a genuine issue for trial.  However, if the evidence is merely colorable or is not significantly probative, summary judgment

ORDER - 4

1 may be granted.  Anderson, 477 U.S. at 249-50.

2

3 **Personal Liability of Ms. Bessey**

4 The Defendants do not dispute the terms of the employee benefit contribution provisions of

5 the Collective Bargaining Agreement or the resulting liability of Floor Tech for unfunded

6 contributions.  It is further undisputed that the Trust Agreement further provides for personal

7 liability of the corporate officers.

8 Where a collective bargaining agreement specifically provides for personal liability of a

9 corporate officer, such a provision will be upheld. See  Employee Painters' Trust v. J & B Finishes,

10 77 F.3d 1188, 1192 (9th Cir.1996) (president who agreed to collective bargaining agreement without

11 realizing he would be personally liable for contract breaches nonetheless was personally liable for

12 contributions to ERISA pension plan); Cement and Concrete Workers Welfare Fund v. Lollo, 35

13 F.3d 29, 37 (2nd Cir.1994) (president who signed collective bargaining agreement qualifies as an

14 employer obligated to make contributions to ERISA pension plan).

15 The contention that an issue exists as to the amount owing is without merit.  The employer

16 report forms that the Trust Funds had submitted as evidence of the total amount outstanding were

17 either prepared by Ms. Bessey or their preparation was overseen by her.  Thus, she is simply

18 attempting to dispute her own accounting to the Trust Funds.

19 Further, the amount of employee benefit contributions owed by Floor Tech Services has

20 previously been established  by this Court.  See *Employee Painters Trust et al v. Floor Tech*, Cause

21 No C04-5567 FDB.

22 Defendants' contention that another entity is responsible for the unfunded contributions is

23 immaterial.  Ms. Bessey's personal liability for the employee benefit contributions arose when Floor

24 Tech failed to remit payment with the employer report forms (i.e. July through September of 2002

25 and March and April 2003).  The fact that Floor Tech may have been sold to another entity in April

26 ORDER - 5

2003 does not affect the personal liability of Ms. Bessey to the Trust Funds.[1]  The liability of Floor

Tech for the unpaid contributions was established by this Court in *Employee Painters Trust et al v.*

*Floor Tech*, Cause No C04-5567 FDB.  Ms Bessey was President of Floor Tech at the time of the

delinquencies and is personally liable for payment of the unfunded employee benefit contributions.[2]

**Conclusion**

For the above stated reasons, the Court finds that there are no genuine issues of material fact

regarding the personal liability of Defendants for the unfunded employee benefit contributions.

Plaintiffs are entitled to summary judgment

ACCORDINGLY;

IT IS ORDERED:

Plaintiffs' Motion for Summary Judgment [Dkt. # 15] is **GRANTED**.

Plaintiffs are directed to serve and file with the Court a proposed judgment no later than

October 23, 2009.

DATED this15th day of October, 2009.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

---

[1]Ms. Bessey has not provided any evidence of this transfer beyond a self-serving statement
in an affidavit and a list of equipment that was to be transferred. This is insufficient to defeat
summary judgment.

[2]The Court expresses no opinion as to whether Ms. Bessey has a cause of action against the
successor business for contribution/indemnification for the payment of the unfunded contributions.

ORDER - 6